Mathews, J.
delivered the opinion of the Court. The appellees, who were plaintiffs' in the Court below, commenced suit to recover a negro woman mentioned in their petition, claiming title under a public act of sale from A. Dufour, executed before a Notary in the Parish of Baton Rouge, In the manner prescribed by law; stating, that she is in the possession of Mayhew, the appellant, and that he refused to deliver her to therii on their request and demand.
The defendant in the District Court answers generally, by denying all the facts contained in the petition. Thus resting his title on possession alone; which, if legal, is prima facie evidence of a title,
*614 The manner in which this cause is brought up, is so informal, as to make it difficult to understand it. There is no regular appeal from the final judgment of the inferior court: no statement of facts in the record, nor any thing, acknowledged by the parties to be an equivalent; but in the bill of exceptions the opinion of the J udge, on the evidence offered by the plaintiffs (not objected to by the defendant as improper) received by the Court and forming the basis of its final judgment is excepted to! If this bill of exceptions proved no farther, it could be considered in no other light than an exception to a final judgment, which, the Court would be thus called on to reverse or affirm ; yet by law we can only affirm or reverse the final judgments of the inferior tribunals, on a statement of facts, something equivalent or special verdict óf a jury. Exceptions cannot regularly be taken to a final judgment, the only remedy is an appeal in the form prescribed by law. By divesting the bill of exceptions of this ihformálity, it remains properly an exception to the opinion of the Judge in refusing the testimony offered on the part of the defendant, and as such alone it must be examined. If the-appellant intended to rest his defence on his possession of the property, and the weakness of the appellee’s title, as not having been legally made out, he ought to have moved the Court for judgment. On a final judgment being rendered, either party might have appealed in due form, and the legali®" *615 of the title of the appellees, could then have been rr . determined, on a view of all the facts and law appertaining to the case. But in attempting to shew title in himself, derived from the same person under whom they claim, the identity of the slave is acknowledged and also the right of Dufour; this much is admitted by the very offer of the testimony on his part, which was rejected by the Judge i unless this evidence is to be taken as relating to some other negro woman not in dispute .between the parties : which would be absurd, because then it could have no application to the cause. Let us now see what this evidence is, which the Judge rejected. The first testimony offered by the appellant was intended to prove the sale of the negro woman in dispute, by an Auctioneer under an execution issued on a judgment obtained before a Justice of the Peace, by virtue of which she was seized by a Constable, as the property of one Parent. 21y. He offered to prove a title in said Parent by an act.of sale, under private signature, from Du-four to him, and also the loss of said instrument. And 3dly. the payment of the money to Parent, above what was necessary to satisfy the execution under which she was sold. It may be laid down as a general principle of law, that a purchaser, under a Sheriff’s or Constable’s sale, made in virtue of an execution, gets no better title to the property sold than was held by the defendant in execution; and consequently, the proof of the sale by the *616 Auctioneer, on the present case, would only- shew the legality of the appellant’s possession, which is not disputed : the suit of the appellees being not a possessory action, but one in which they are bound to make out their right and title to the pr perty, against all persons. This part of the evidence is* therefore, useless and was properly rejected by the District Judge: it may be added that to complete this evidence, theyoughttohaveproducedthe judgment on which the execution issued. The private act of sale from Dufbur to Parent, which was never recorded agreeably to the provisions of the Code, eannot affect the interest of the appellees who claim under the same person, by an other act legally executed, unless it could be shewn that there is something fraudulent in the transaction on their parts. This is not done, nor has it been pretended by the appellant that he is in possession of any such proof This evidence was therefore with equal propriety rejected by the judge below. The third kind of evidence offered is so totally irrelevant to the case, that the District Judge certainly did not err in refusing it. Upon the whole, we are of opinion that the bill of exceptions to the opinion of the District Judge must be overruled and as the cause stands before this Court, solely on the exception taken to the Judge’s opinion in rejecting testimony, the appeal must be dismissed. ’
It is, therefore, ordered, that the appeal in this case be dismissed at the appellant’s costs.,